UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCTA LIMITED LIABILITY COMPANY and
SSOA LIMITED LIABILITY COMPANY,

                Plaintiffs,

    v.

TD BANK, N.A.,

                Defendant.

CIVIL ACTION NO. 1:14-cv-05249 (GBD)

---

**TD BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

 

**DUANE MORRIS LLP**

Kevin P. Potere (KP-7711)
1540 Broadway
New York, NY  10036-4086
Telephone: (212) 692-1876
*Attorneys for Defendant TD Bank, N.A.*

**Of Counsel:**
Alexander Bono, Esq.
Ryan E. Borneman, Esq.
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
215-979-1000

## TABLE OF CONTENTS

**Page**

I. Preliminary Statement ................................................................................................................1

II. Relevant Factual Background ....................................................................................................1

III. Argument ...................................................................................................................................2

    A. The Standard for a Motion to Dismiss Compels Dismissal of Plaintiffs' Complaint. ................................................................................................................ 2

    B. Plaintiffs' Causes of Action for Negligence are Barred by New Jersey's Two-Year Statute of Limitations. ........................................................................... 3

    C. Plaintiffs' Causes of Action for Negligence Should Be Dismissed Because TD Bank Owes No Duty to Non-Customers. ........................................................... 5

    D. Plaintiffs' Causes of Action For Conversion Should Be Dismissed Because Money Cannot be Converted. ................................................................... 8

IV. Conclusion .................................................................................................................................9

## **TABLE OF AUTHORITIES**

**Federal Cases**

*AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004) ...................................................................7

*Ashcroft v. Iqbal*, 173 L. Ed. 2d 868 (U.S. 2009) .................................................................... 2-3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (U.S. 2007)............................................................ 2-3

*Cargill Global Trading v. Applied Dev. Co.*, 706 F. Supp. 2d 563 (D.N.J. 2010) .........................8

*Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157 (S.D.N.Y. 2012).............................................1, 5, 7

*Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220 (4th Cir. 2002) ............................................ 6-7

*Geler v. Nat'l Westminster Bank USA*, 770 F. Supp. 210 (S.D.N.Y. 1991) ..................................8

*Herman v. City of Millville*, 66 Fed. Appx. 363 (3d Cir. N.J. 2003) .............................................5

*LoPresti v. Terwillinger,* 126 F.3d 34 (2d Cir. 1997) ....................................................................9

*McCleod v. Travelers Indem. Co.*, 2012 U.S. Dist. LEXIS 152211 (S.D.N.Y. Oct. 19,
    2012) (Daniels, J.).............................................................................................................. 3-4

*Miller v. Wells Fargo Bank International Corp.,* 540 F.2d 548 (2d Cir. 1976) .............................9

*Public Serv. Co. of Okla. v. A Plus, Inc.*, 2011 U.S. Dist. LEXIS 85179 (W.D. Okla. Aug.
    2, 2011) ..................................................................................................................................6

*Ranno v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 65463 (S.D.N.Y.
    May 14, 2010)........................................................................................................................2

*Rosen v. Fink*, 1999 U.S. App. LEXIS 32438 (2d Cir. N.Y. Dec. 13, 1999) .................................4

*Shane Smith Enters. v. Bank of Am., N.A.*, 2007 U.S. Dist. LEXIS 47582 (E.D. Ark. June
    29, 2007) ................................................................................................................................6

*Techreserves Inc. v. Delta Controls, Inc.*, 2014 U.S. Dist. LEXIS 47080 (S.D.N.Y. Mar.
    31, 2014) (Daniels, J.)............................................................................................................3

*Tevdorachvili v. Chase Manhattan*Bank, 103 F. Supp. 2d 632, 643 (E.D.N.Y. 2000) ..................8

*Wetzel v. Town Boward of Orangetown*, 2010 U.S. Dist. LEXIS 36495 (S.D.N.Y. Apr.
    12, 2010) ................................................................................................................................2

*Zurich Am. Ins. Co. v. Felipe Grimberg Fine Art*, 2008 U.S. Dist. LEXIS 10544
    (S.D.N.Y. Feb. 11, 2008).......................................................................................................5

- 2 -

**State Cases**

*Advanced Enterprises Recycling, Inc. v. Bercaw*, 376 N.J. Super. 153 (N.J. Super. App.Div. 2005) ...................................................................................................................8

*Bondi v. Citigroup, Inc.*, 32 A.3d 1158 (N.J. Super. Ct. App. Div. 2011) ......................................8

*Calisch Assocs., Inc. v. Manufacturers Hanover Trust Co.*, 151 A.D. 2d 446, 542 N.Y.S. 2d 644 (1st Dep't. 1989) .......................................................................................................8

*Gesell v. First Nat'l City Bank*, 24 A.D.2d 424 (N.Y. App. Div. 1st Dep't 1965) ..........................6

*Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525 (NY 1999) ......................................................3

*LaBracio Family P'Ship v. 1239 Roosevelt Avenue, Inc.*, 340 N.J. Super. 155, 773 A.2d 1209 (N.J. Super. 2001) ..................................................................................................5

*Palka v. Servicemaster Management Servs. Corp.*, 83 N.Y.2d 579 (N.Y. 1994) ...........................5

*Pennsylvania Nat'l Turf Club, Inc. v. Bank of West Jersey*, 158 N.J. Super. 196 (App.Div. 1978) ................................................................................................................6

*Wlasiuk v. McElwee*, 334 N.J. Super. 661 (App.Div. 2000) ..........................................................6

**Federal Statutes and Rules of Court**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ............................................................... 1-3

**Other Authorities**

18 Am. Jur. 2d Conversion § 8 (2004) ............................................................................................8

CLS CPLR § 202 .............................................................................................................................3

N.J. Stat. § 2A:14-2 .........................................................................................................................4

*Restatement (Second) of Torts* § 222A(1) (1965) ..........................................................................8

## I. PRELIMINARY STATEMENT

Defendant TD Bank, N.A. ("**TD Bank**") submits this Memorandum of Law supporting its Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs, SCTA Limited Liability Company ("**SCTA**") and SSOA Limited Liability Company ("**SSOA**") (collectively "**Plaintiffs**"), fail to state cognizable claims against TD Bank and the Complaint should be dismissed for three reasons:

1. Plaintiffs' negligence claims are barred by New Jersey's two-year statute of limitations.

2. Plaintiffs' negligence claims should also be dismissed because TD Bank owes no duty to the general public.

3. Plaintiffs fail to state a claim for conversion because there is no cognizable claim for conversion of money.

## II. RELEVANT FACTUAL BACKGROUND

SCTA and SSOA are New Jersey Limited Liability Companies owned by Yoon Jung Bang. Potere Decl. Exh. A ("Complaint") at ¶¶ 2-5. On June 24, 2011, non-party, Gahee An ("**An**"), opened accounts at TD Bank in the name of SCTA and SSOA. *Id*. at ¶¶ 24, 48. Before then, Plaintiffs were not customers of TD Bank. *Id*. at ¶ 7.

An presented TD Bank with certificates of formation for each Plaintiff and shareholder minutes purportedly signed by Ms. Bang. *Id*. at ¶¶ 25, 28, 49, 52. However, Plaintiffs allege that the documents were forged and that Plaintiffs did not authorize An to open deposit accounts in the name of Plaintiffs at TD Bank. *Id*. at ¶¶ 29, 32, 53, 56.

From June 24, 2011 to September 1, 2011, checks payable to the Plaintiffs were deposited into the checking accounts at TD Bank. *Id*. at ¶¶ 72, 91. Subsequently, An withdrew funds from the TD Bank accounts by checks payable to herself. *Id*. at ¶¶ 73, 92.

On February 9, 2012, the SCTA deposit account was closed. *Id*. at ¶ 79. Plaintiffs do not allege when the SSOA deposit account was closed, but allege that the last withdrawal occurred on September 2, 2011. *Id*. at ¶ 92.

In their Complaint, Plaintiffs assert two causes of action for negligence and two causes of action for conversion.

### III.   ARGUMENT

**A.   The Standard for a Motion to Dismiss Compels Dismissal of Plaintiffs' Complaint.**

Under Rule 12(b)(6), a complaint may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a federal court complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is ***plausible on its face***." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (U.S. 2007)[1]; *See also*, *Wetzel v. Town Boward of Orangetown*, 2010 U.S. Dist. LEXIS 36495, at *3 (S.D.N.Y. Apr. 12, 2010), *Ranno v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 65463, at *8 (S.D.N.Y. May 14, 2010) (granting motion to dismiss because Plaintiff failed to state a claim for relief). In *Iqbal*, the Supreme Court confirmed that the *Twombly* pleading standard apply in "all civil actions." *Ashcroft v. Iqbal*, 173 L. Ed. 2d 868, 887-888 (U.S. 2009).

The Rule 12(b)(6) pleading standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554. Instead, "a court considering a motion to dismiss can choose to begin by identifying pleadings

---

[1]   Emphasis added throughout unless otherwise noted.

that, because they are no more than conclusions, are not entitled to the assumption of truth. Legal conclusions can provide the framework of a complaint; however, they must be supported by factual allegations." *Iqbal*, 173 L. Ed. 2d at 884. Such factual allegations, in turn, must be **plausible**. *Twombly*, 550 U.S. at 570; *see also Techreserves Inc. v. Delta Controls, Inc*., 2014 U.S. Dist. LEXIS 47080 (S.D.N.Y. Mar. 31, 2014) (holding *Iqbal* requires "two-pronged approach" of dismissing conclusions and determining whether remaining factual allegations are plausible) (Daniels, J.). For Rule 12(b)(6) purposes, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 554.

As shown below, the Complaint fails the *Twombly* test in several material respects. Thus, the Complaint must be dismissed.

### B. Plaintiffs' Causes of Action for Negligence are Barred by New Jersey's Two-Year Statute of Limitations.

Under New York's borrowing statute, when a plaintiff is a non-resident, New York courts apply the statute of limitations of the state where the injury occurred. NY CLS CPLR § 202; *McCleod v. Travelers Indem. Co*., 2012 U.S. Dist. LEXIS 152211 (S.D.N.Y. Oct. 19, 2012) (applying New Jersey's negligence statute of limitations when granting motion to dismiss) (Daniels, J.). Where the injuries are purely economic, "the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss." *Global Fin. Corp. v. Triarc Corp*., 93 N.Y.2d 525, 529 (NY 1999). New York's borrowing statute "prevents nonresidents from shopping in New York for a favorable Statute of Limitations." *Id*. at 528.

Here, Plaintiffs are New Jersey limited liability companies seeking purely economic damages. Complaint at ¶¶ 2, 4, 72, 91. Accordingly, this Court should apply New Jersey's statutes of limitation to Plaintiffs' claims.

In New Jersey, claims for negligence must be brought within two years.  N.J. Stat. § 2A:14-2; *McCleod v. Travelers Indem. Co.*, 2012 U.S. Dist. LEXIS 152211 (S.D.N.Y. Oct. 19, 2012).

Plaintiffs allege that TD Bank negligently opened deposit accounts opened on June 24, 2011.  Complaint at ¶¶ 24, 48.  But, the Complaint was not filed until June 6, 2014, nearly 3 years later, well past the expiration of New Jersey's two-year statute of limitations.

Despite Plaintiffs' careful attempt to plead lack of knowledge in the two years preceding the filing of the Complaint, Plaintiffs have admitted in a previous civil action that they specifically knew of the TD Bank accounts more than two years before the filing of this Complaint.  Plaintiffs allege that, on October 5, 2012 – in response to a subpoena in an action brought by its sole member, Yoon Jung Kim a/k/a Yoon Jang Bang, against Gahee An ("***An Action***") – TD Bank provided Plaintiffs with documents regarding the TD Bank accounts.  Potere Exh. A Complaint at ¶¶ 89, 104.

Plaintiffs' allegation regarding when TD Bank responded to a subpoena is irrelevant because Plaintiffs already long knew of the TD Bank accounts at issue.  Ms. Kim a/k/a Bang ***admitted*** in her complaint in the An Action that she was aware TD Bank held accounts in the name of the Plaintiffs ***on February 9, 2012***.  *See* Potere Decl. Exh. B,[2] at ¶ 51 (admitting the sole member of Plaintiffs learned the balance of the two TD Bank accounts).  This is the same date Plaintiffs allege the accounts were closed.  Potere Decl. Exh. A Complaint at ¶ 79.

---

[2]  On a motion to dismiss, this Court may consider publicly filed documents in a previous state court action.  *Rosen v. Fink*, 1999 U.S. App. LEXIS 32438 (2d Cir. N.Y. Dec. 13, 1999) (holding the district court properly consider prior state court proceedings because they were part of the public record.)

- 4 -

Plaintiffs admission in a prior lawsuit[3] regarding specific knowledge of the TD Bank accounts more than two years before filing the Complaint must be construed against Plaintiffs. *Zurich Am. Ins. Co. v. Felipe Grimberg Fine Art*, 2008 U.S. Dist. LEXIS 10544 (S.D.N.Y. Feb. 11, 2008) (granting summary judgment based on prior statements made by opposing party in a prior judicial action). "The doctrine of judicial estoppel 'prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding.'" *Id*.

Accordingly, Plaintiffs' first and second causes of action for negligence should be dismissed because they are asserted more than two years after Plaintiffs specifically knew of their claims.

### C. Plaintiffs' Causes of Action for Negligence Should Be Dismissed Because TD Bank Owes No Duty to Non-Customers.

In addition to being barred by the applicable statute of limitations, Plaintiffs' cause of actions for negligence should be dismissed because TD Bank owes no duty to Plaintiffs.

To state a claim for negligence under New Jersey law,[4] a plaintiff must prove "(1) the existence of a duty; (2) the breach of the duty; and (3) proximate causation." *Herman v. City of Millville*, 66 Fed. Appx. 363, 366 (3d Cir. N.J. 2003) (citing *LaBracio Family P'Ship v. 1239 Roosevelt Avenue, Inc.*, 340 N.J. Super. 155, 773 A.2d 1209, 1213 (N.J. Super. 2001)).

---

[3] A review of the same state court civil action reveals that An has counterclaimed alleging An is the victim of Plaintiffs' scheme. TD Bank is simply the depositor bank in the middle of a dispute between two former associates.

[4] New York law is substantially similar. "To state a claim of negligence under New York law, plaintiffs must allege (1) a duty owed by the defendant to plaintiffs; (2) breach of that duty; and (3) injuries proximately caused by the breach." *Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157, 178 (S.D.N.Y. 2012). "The scope of a duty owed to a plaintiff is a question of law." *Id*. (citing *Palka v. Servicemaster Management Servs. Corp.*, 83 N.Y.2d 579, 585 (N.Y. 1994)).

The issue of the existence of a duty is a question of law for the Court. *Wlasiuk v. McElwee*, 334 N.J. Super. 661, 666 (App.Div. 2000) ("Whether a legal duty is owed and the scope of that duty is generally a matter of law for the courts to decide on a case by case basis.")

Plaintiffs' claims of negligence is based on a purported "duty of care to the general public, including plaintiffs, not to allow nor permit anyone other than the true depositor from opening and maintaining an account under its name." Complaint at ¶¶ 8, 107, 114. Plaintiffs allege that this duty to the general public arises out of the Anti-Money Laundering requirements of the Bank Secrecy Act that mandated banks to implement a Customer Identification Program and to prepare Suspicious Activity Reports. *Id*. at ¶ 1, 9, 10.

As a matter of New Jersey and New York law, banks owe no duty to the general public. *Pennsylvania Nat'l Turf Club, Inc. v. Bank of West Jersey*, 158 N.J. Super. 196, 203 (App.Div. 1978) (holding that "bank owed no general duty to [non-customer] Turf Club" for the bad checks of its customer); *Gesell v. First Nat'l City Bank*, 24 A.D.2d 424, 425 (N.Y. App. Div. 1st Dep't 1965). This is consistent with almost every other jurisdiction. *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 225 (4th Cir. 2002) ("Courts in numerous jurisdictions have held that a **bank does not owe a duty of care to a noncustomer** with whom the bank has no direct relationship"); *Shane Smith Enters. v. Bank of Am., N.A.*, 2007 U.S. Dist. LEXIS 47582 at *6 (E.D. Ark. June 29, 2007) (following "the overwhelming majority of courts [that] have ruled that **the bank did not owe a duty of reasonable care to the noncustomer**" and rejected plaintiff's argument that Bank of America's implementation of a fraud detection system created a duty to the public); *Public Serv. Co. of Okla. v. A Plus, Inc.*, 2011 U.S. Dist. LEXIS 85179, at *14-15 (W.D. Okla. Aug. 2, 2011) (following the "majority of courts" and held that "**a bank does not have a duty to**

*third-party non-customers, even if a bank customer engages in misconduct harmful to the non-customer.*").

The facts in *Eisenberg* are substantially similar and the result of *Eisenberg,* which relied upon both New Jersey and New York law*,* should be applied here.  In *Eisenberg*, Douglas Reid, the fraudster, convinced plaintiff Eisenberg that he was an executive of Bear Sterns and that Eisenberg should invest with him.  *Eisenberg*, 301 F.3d at 222.  Reid opened an account at Wachovia Bank in the name of "Douglas Walter Reid dba Bear Stearns" and Eisenberg transferred $1,000,000 to the account.  Wachovia "did not verify that Reid was authorized to operate under the name Bear Stearns" and "Reid possessed no such authority and was not in any way affiliated with Bear Stearns."  *Id*.  After the wire transfer, "Reid withdrew almost all of Eisenberg's funds and converted them to his own use."  *Id*.  After considering numerous other court opinions, the *Eisenberg* court held that "a bank does not owe noncustomers a duty of care" and dismissed plaintiff's claim for negligence against Wachovia.  *Id*. at 227.

Further, Plaintiffs cannot manufacture a duty against banks from a statute that does not create a private right of action against banks.  "***Where a statute does not imply a private right of action for money damages, the plaintiff may not restate the identical claim under a negligence theory***."  *Cruz v. TD Bank, N.A*., 855 F. Supp. 2d 157, 178 (S.D.N.Y. 2012) (dismissing plaintiff's negligence claim where duty was based on statute that provided no private right of action) (dismissal of negligence claim affirmed at 742 F.3d 520, 523 (2d Cir.. 2013)).  Plaintiffs' negligence claim thus fails because "the Bank Secrecy Act does not create a private right of action."  *AmSouth Bank v. Dale*, 386 F.3d 763, 777 (6th Cir. 2004).

Accordingly, Plaintiffs' first and second causes of action for negligence should be dismissed because TD Bank owed no duty to Plaintiffs.

### D. Plaintiffs' Causes of Action For Conversion Should Be Dismissed Because Money Cannot be Converted.

It is well settled law in both New Jersey and New York that funds in a checking account cannot be "converted" by the bank in which the money is deposited because the funds are not identifiable property.

Common law conversion is the "intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Bondi v. Citigroup, Inc.*, 32 A.3d 1158, 1190 (N.J. Super. Ct. App. Div. 2011); *Restatement (Second) of Torts* § 222A(1) (1965). But, under well-established New Jersey law, conversion is restricted to prevent breach of contract claims from turning into tort claims. *Cargill Global Trading v. Applied Dev. Co.*, 706 F. Supp. 2d 563, 578 (D.N.J. 2010) (applying New Jersey law). Thus, where money is involved, an action for conversion will lie only where there is an obligation to return "the identical money." *Advanced Enterprises Recycling, Inc. v. Bercaw*, 376 N.J. Super. 153, 161 (N.J. Super. App.Div. 2005) ("An action for conversion will not lie in the context of a mere debt or chose in action, however. ***Where there is no obligation to return the identical money, but only a relationship of a debtor and creditor, an action for conversion of the funds representing the indebtedness will not lie against the debtor***.") (citing 18 Am. Jur. 2d Conversion § 8 (2004)); *see also Geler v. Nat'l Westminster Bank USA*, 770 F. Supp. 210 (S.D.N.Y. 1991) (denying plaintiff's motion for leave to amend complaint because certificate of deposit at issue was not specific and identifiable enough to allege conversion).

New York law similarly does not recognize a claim of conversion of money. *Tevdorachvili v. Chase Manhattan* Bank, 103 F. Supp. 2d 632, 643 (E.D.N.Y. 2000); *Calisch Assocs., Inc. v. Manufacturers Hanover Trust Co.*, 151 A.D. 2d 446, 448, 542 N.Y.S. 2d 644,

- 8 -

646 (1st Dep't. 1989).  Indeed, under New York law, conversion occurs "when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession." *LoPresti v. Terwillinger,* 126 F.3d 34, 41 (2d Cir. 1997). An ordinary banking relationship creates a debt owed to the customer by the bank, but no identifiable property that could be converted. *Miller v. Wells Fargo Bank International Corp.,* 540 F.2d 548, 560 (2d Cir. 1976).

Here, Plaintiffs allege that TD Bank accepted money intended for Plaintiffs. *See* Complaint at ¶¶ 72, 91.  TD Bank is not obligated to return to Plaintiffs the "identical" monies deposited.  This recognizes the common sense, practical realities that the banking industry moves billions of dollars on a daily basis.

Accordingly, Plaintiffs' third and fourth causes of action for conversion should be dismissed.

## IV.    CONCLUSION

Plaintiffs fail to state cognizable claims against TD Bank and the Complaint should be dismissed for three reasons:

1. Plaintiffs' negligence claims are barred by New Jersey's two-year statute of limitations.

2. Plaintiffs' negligence claims should also be dismissed because TD Bank owes no duty to the general public.

3. Plaintiffs fail to state a claim for conversion because there is no cognizable claim for conversion of money.

DM1\4891123.1

- 10 -

Dated: August 4, 2014
       New York, New York

                          **DUANE MORRIS LLP**

                   By:  /s Kevin P. Potere
                       Kevin P. Potere (KP-7711)
                       1540 Broadway
                       New York, NY  10036-4086
                       Telephone: (212) 692-1876
                       *Attorneys for Defendant TD Bank, N.A.*

**Of Counsel:**
Alexander Bono, Esq.
Ryan E. Borneman, Esq.
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
215-979-1000