UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SCTA LIMITED LIABILITY COMPANY and
SSOA LIMITED LIABILITY COMPANY,

                           Plaintiffs,          Civil Action No. 14-cv-5249 (GBD)

         -against-

TD BANK, N.A.

                           Defendant.

-------------------------------------------------------------------x


**PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO DISMISS COMPLAINT**


STEPHEN LATZMAN, P.C.
Stephen Latzman (SL 6462)
Attorney for Plaintiffs
276 Fifth Avenue, Suite 402
New York, New York 10001
(212) 532-3368

**TABLE OF CONTENTS**

Page

I. Preliminary Statement ……………………………………………...……………1

II. Argument …………………………………………………………..…...……...2

 A. The Standard of Review on a Motion to Dismiss …………………………………….2

 B. Choice of Law Analysis ……………………………………………………...3

 C. New Jersey Applies a Six-Year Statute of Limitations to Plaintiffs' Claims of Economic Loss…………………………………………………...5

 D. Even Were a Two-Year Limitations Period Applicable, This Action was Commenced Within the Statutory Window …………………………….................7

 E. The Complaint Alleges Specific Duties Defendant Owed Directly to Plaintiffs ………….9

 F. Claims for Conversion are Stated …………………………………………………..13

III. Conclusion …………………………………………………………………14

## TABLE OF AUTHORITIES

**Federal Cases**

*Cumis Ins. Soc'y, Inc. v. Citibank, N.A.*, 921 F.Supp. 1100 (SDNY1996) ……………………………….13

*Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220 (3d Cir 2002) ……………………………………10-11

*Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106 (2d Cir.2010) …………………………….......2

*Geisler v. Petrocelli*, 616 F.2d 636 (2d Cir.1980) ………………………………………………………..2

*GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377 (2d Cir. 2006) …………3, 4

*Gonzalez v. Caballero*, 572 F.Supp.2d 463 (SDNY 2008) ………………………………………………..2

*Hishon v. King & Spalding*, 467 U.S. 69 (1984) …………………………………………………………..2

*Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487 (1941) ………………………………..3

*LaBounty v. Adler*, 933 F.2d 121 (2d Cir.1991) …………………………………………………….......3

*McCleod v. Travelers Indemnity*, 2012 WL 5210945 (SDNY 2012) ……………………………………..6

*Papasan v. Allain*, 478 U.S. 265 (1986) ………………………………………………………………..2-3

*Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119 (2d Cir.1991) ………………………………………..2

*Stuart v. American Cyanamid Co.*, 158 F.3d 622 (2d Cir.1998) ………………………………………..3, 7

**State Cases**

*29ᵗʰ Street Corp. v. New York Community Bank*, 2 A.D. 3d 838 (2d Dept 2003) ………………….12, 14

*Belmar Trucking Corp. v. American Trust Co.*, 65 Misc. 2d 31 (NYC Civil Ct., 1970) …………………...14

*Board of Managers of Continental Towers Condominium v. Crestmont Management. Corp.*,
        186 A.D.2d 49 (1ˢᵗ Dept 1992) ……………………………………..………………………….12

*Buyofski v. St. Stephens Roman Catholic Church*, WL 2069149 (N.J. Sup. App. Div. 2006) ……………6

*Caravaggio v. D'Agostini*, 166 N.J. 237 (N.J. 2001) ……………………………………………………7, 8

*Elmaliach v. Bank of China Ltd.*, 110 A.D.3d 192 ……………………………………………………...9

*Home Savings of America, FSB v. Amoros*, 233 A.D.2d 35 (1 Dept., 1997) ……………………...……...12

*In re Allstate Ins. Co. (Stolarz)*, 81 N.Y.2d 219 (1993) ………………………………………………….4

*Key Bank of New York v Grossi*, 227 AD2d 841 ……………………………………………………….13

*Lauer v. City of New York*, 95 N.Y.2d 95 …………………………………………………………………9

*Lenczycki v Shearson Lehman Hutton, Inc.*, 238 A.D.2d 248 ……………………………………………13

*Lewine v. National City Bank of New York*, 248 N.Y. 365 (1928), aff'd, 249 N.Y. 528 (1928) …………13

*Long v. Forest-Fehlhaber*, 55 N.Y.2d 154 (1982) …………………………………………………………12

*Lopez v. Swyer*, 62 N.J. 267 (N.J. 1973) …………………………………………………………………...7

*Manhattan Medical Diagnostic and Rehabilitation. P.C. v. Wachovia National Bank, N.A.*,
   2006 WL 3026294 (NY S. Ct. 2006), aff'd 49 A.D.2d 461 (1st Dept 2008) ……………11, 12, 14

*McGrogan v. Till*, 167 N.J. 414 (N.J. 2001) ………………………………………………………………5

*Montells v. Haynes*, 133 N.J. 282 (N.J. 1993) ……………………………………………………………5, 6

*Newton v. Scott*, 254 App. Div. 140 (4th Dept 1938) …………………………………………………………12

*Payne v White*, 101 A.D.2d 975 ……………………………………………………………………………13

*Republic of Haiti v Duvalier*, 211 A.D2.d 379 …...…………………………………………………………13

*Rosenthal v. Manufacturers Hanover Trust Co.*, 30 A.D.2d 650 (1st Dept 1968) …………………………...14

*Salatino v Salatino*, 64 A.D. 3d 923 …………………………………………………………………………...13

*Savage v. Old Bridge-Sayreville Medical Group*, 134 N.J. 241 …………………………………………7, 8

*Schultz v. Boy Scouts of America Inc.*, 65 N.Y.2d 189 (1985) ………………………………………………4

*Sperrazza v Kail*, 267 A.D.2d 692 …………………………………………………………………………13

*Teller v. Prospect Heights. Hospital*, 280 N.Y. 456 (1939) …………………………………………………...12

*Tevis v. Tevis*, 79 N.J. 422 (N.J. 1979) …………………………………………………………………………7

*Troum v. Newark Beth Israel Medical Center*, 338 N.J. Super. 1, 768 A.2d 177 (App. Div. 2001) ………7

*Zurich Insurance Company v. Shearson Lehman Hutton, Inc.*, 84 N.Y.2d 309 (1994) ……………….....4

**Federal Statutes and Rules of Court**

Rule 12(b)(6) ………………………………………………………………………………………...2

**Other Authorities**

C.P.L.R. § 202 ……………………………………………………………………… 3, 4, 7

C.P.L.R. § 214 ……………………………………………………………………..4, 6-7

N.J.S.A. 2A:14-1 …………………………………………………………………...5, 6

N.J.S.A. 2A:14-2 ………………………………………………………………...,5, 8

NJ UCC § 3-420(a) …………………………………………………………………14

NY UCC § 3-419 ……………………………………………………………………13

NY UCC § 3-419(1)(c) …………………………………...…………………………14

NY UCC § 3-419(3) ………………………………………………………………...14

SDNY Docket, Civil Action No. 12 Civ 176 (GBD) …………………………….....6

http://www.usbanklocations.com/td-bank-new-york.htm ………………………………..4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

SCTA LIMITED LIABILITY COMPANY and
SSOA LIMITED LIABILITY COMPANY,

Civil Action No.
14 Cv 5249 (GBD)

                              Plaintiffs,

                  -against-

TD BANK, N.A.,

                              Defendant.

------------------------------------------------------------------------x

### PLAINTIFFS' MEMORANDUM OF LAW
### IN OPPOSITION TO MOTION TO DISMISS

### I. Preliminary Statement

This Memorandum of Law is submitted in opposition to Defendant's Rule 12(b) motion to dismiss. Defendant argues plaintiff's negligence claim is time barred, and the negligence and conversion claims do not state claims upon which relief can be granted. Defendant's motion is without merit and must be denied.

There are two statutes of limitations for negligence claims under New Jersey law, differing on the nature of the harm alleged. Negligence claims for personal injury have a statute of limitations of two years from discovery. The statute of limitations for negligence claims where, as here, economic harm is alleged in six years. The Complaint alleges, and Defendant acknowledges, that the Complaint seeks damages for economic harm. The applicable statute of limitations for Plaintiffs' negligence claims under New Jersey law is six years.

1

Defendant cherry-picks the Complaint in arguing that the negligence and conversion claims fail to state claims upon which relief can be granted. A full and fair reading of the Complaint shows allegations of Defendant's breach of direct duties owed to Plaintiffs, its customers, and Defendant's breach of the duties and standard of care in opening, maintaining and failing to close the subject bank accounts. The conversion claim refers to specific deposits, statutory authority and state cognizable claims.

## II. ARGUMENT

### A. The Standard of Review on a Motion to Dismiss

On a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Gonzalez v. Caballero, 572 F.Supp.2d 463, 466 (SDNY 2008); Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir.2010) ("We review the district court's grant of a Rule 12(b) (6) motion to dismiss de novo, accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor").

On a motion to dismiss under Rule 12(b)(6), the trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir.1980); "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 124 (2d Cir.1991). The district court should grant a Rule 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). On a motion to dismiss, a district court must accept plaintiff's well-pleaded factual allegations as true, Papasan v. Allain, 478 U.S. 265, 283

2

(1986), and the allegations must be "construed favorably to the plaintiff." LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir.1991).

### B. Choice of Law Analysis

Since this is a diversity case, this court must apply New York law, including its conflicts of law rules and choice of law analysis, in determining the law to be applied. GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., Inc., 449 F.3d 377, 382 (2d Cir. 2006); Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487 (1941).

Defendant points to New York's "Borrowing Statute," CPLR 202, in arguing the applicability of New Jersey's statute of limitations. Defendant's conclusion that the New Jersey statute of limitation applies is incorrect.

New York's "borrowing" statute provides that "[a]n action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply." Thus, "[U]nder C.P.L.R. § 202, when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." Stuart v. American Cyanamid Co., 158 F.3d 622, 627 (2d Cir.1998).

Defendant argues Plaintiffs' negligence cause of action accrued in New Jersey because economic harm is alleged (Defendant's Memorandum of Law, pg. 3) and seeks dismissal based upon a purported two year statute of limitations. Defendant incorrectly applies the New Jersey statute of limitations applicable to Plaintiffs' claims. The New Jersey statute of limitations in a

3

negligence action claiming economic loss is six years (N.J.S.A. 2A:14-1). The New York statute of limitations for negligence action is three years, CPLR 214. The New York statute of limitations is applied to Plaintiffs' negligence claims. CPLR 202.

In Schultz v. Boy Scouts of America Inc., 65 N.Y.2d 189 (1985), the New York Court of Appeals held that the relevant analytical approach to choice of law in tort actions in New York is the "interest analysis," requiring that the law of the jurisdiction having the greatest interest in the litigation be applied and the only facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict. See, GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., 449 F.3d 377, 384 (2d Cir. 2006).

The New York Court of Appeals has held that "the first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." In re Allstate Ins. Co. (Stolarz), 81 N.Y.2d 219, 223 (1993); see also, Zurich Insurance Company v. Shearson Lehman Hutton, Inc., 84 N.Y.2d 309 (1994).

Defendant acknowledges that New York and New Jersey negligence law are "substantially similar") (Defendant's Memorandum of Law, pg. 5, ftn. 4); in arguing the insufficiency of the conversion claims Defendant refers to both New York and New Jersey law (Defendant's Memorandum of Law, pgs 8-9).

The New York choice of law "interest analysis" shows New York has the greatest interest in this litigation. The issues involved are the banking practices of Defendant TD Bank, N.A. in New York State. TD Bank has 230 "full service offices" in New York State (http://www.usbanklocations.com/td-bank-new-york.htm).

### C. New Jersey Applies a Six-Year Statute of Limitations to Plaintiffs' Claims of Economic Loss

New Jersey law provides two distinct statutes of limitations to govern actions in tort. Pursuant to N.J.S.A. 2A:14-1, a six-year limitations period applies to claims resulting from "any tortuous injury to real property." N.J.S.A. 2A:14-2, "every action … for an injury to the person caused by the wrongful act, neglect or default of any person … shall be commenced within 2 years next after the cause of any such action shall have accrued."

To determine which of these limitations periods applies in a particular case, New Jersey courts "focus … on the nature of the injury, not the underlying theory of the claim." Montells v. Haynes, 133 N.J. 282, 291 (N.J. 1993). Whether a tort claim enjoys a two or six year limitation turns not on the technical causes of action a plaintiff has pleaded to address a harm, but instead on the broadly conceived harm that triggered the plaintiff's quest for relief. McGrogan v. Till, 167 N.J. 414, 423 (N.J. 2001)(ruling "litigation should not turn on the complaint-specific legal theories that plaintiffs plead, but rather on the nature of the injuries generally identified with a specific cause of action"). The relevant question "becomes whether injuries … are more like an 'injury to the person' under N.J.S.A. 2A:14-2 or like injuries under N.J.S.A. 2A:14-1, specifically those arising from a breach of contract or from 'any tortuous injury to the rights of another not stated in" section 2:14A-2. Montells, 133 N.J. at 291. For instance, New Jersey courts have explicitly recognized that "legal-malpractice suits are grounded in the tort of negligence." McGrogan, 167 N.J at 425. However, the associated harm is "an injury to the rights of another, not [a] personal injury." Id at 424. Thus, despite the fact a two-year statute of limitations appears to apply to actions stemming from the "neglect of any person," New Jersey courts have held that legal malpractice claims are subject to the aforesaid six-year statute of limitations, because economic harm is alleged. Id.

5

This inquiry has generated a bright-line distinction. New Jersey courts have recognized, "[i]n separating 'injury to the person' from 'tortious injury to the rights of another,' the Legislature essentially distinguished personal injuries involving physical or emotional harm from those involving economic harm." Montells, 133 N.J. at 291. Accordingly, regardless of the specific claims plaintiffs plead to achieve relief, "courts have viewed 'tortious injury to the rights of another' as applying primarily to actions for economic loss." Id. In New Jersey, claims arising from economic loss are afforded a six-year limitations window. Buyofski v. St. Stephens Roman Catholic Church, WL 2069149 (N.J. Sup. App. Div. 2006)(holding claims arising from injuries that are "economic in nature" are governed by the six-year statute of limitations in N.J.S.A. 2A:14-1).

Defendant's citation to McCleod v. Travelers Indemnity, 2012 WL 5210945 (SDNY 2012) shows its failure to recognize the distinct New Jersey statutes of limitation in negligence action based on personal injury and based on economic harm. In McCleod, an action for damages for personal injuries arising from an automobile accident [See, SDNY Docket, Civil Action No. 12 Civ 176 (GBD)], the court applied the New Jersey two year statute of limitations for personal injuries The instant case involves economic harm, not personal injury. McCleod is inapposite to this case.

Plaintiffs' negligence claims are not time-barred. New Jersey statutes afford actions seeking relief for economic loss a six-year limitations window. Here, Plaintiffs have suffered – and Defendant TD Bank has explicitly acknowledged Plaintiffs have suffered – purely economic loss. (See, Defendant's Memorandum of Law, page 3 "Here, Plaintiffs are New Jersey limited liability companies seeking purely economic damages"). The applicable New Jersey statute of limitation is six years. The New York statute of limitations for negligence action is three years,

6

CPLR 214. Thus, under CPLR § 202, the New York statute applies. Stuart v. American Cyanamid Co., 158 F.3d 622, 627 (2d Cir.1998). This action was commenced within the three year New York period of limitations.

## D. Even Were a Two-Year Limitations Period Applicable, This Action was Commenced Within the Statutory Window

The New Jersey "discovery doctrine" postpones the accrual of a cause of action so long as a party reasonably is unaware either that he has been injured, or that the injury is due to the fault or neglect of an identifiable individual or entity. Troum v. Newark Beth Israel Medical Center, 338 N.J. Super. 1, 768 A.2d 177 (App. Div. 2001). The standard for determining whether discovery doctrine applies to postpone accrual of a cause of action requires knowledge not only of the injury but also that another is at fault, as both are critical elements in determining whether discovery doctrine applies. Troum v. Newark Beth Israel Medical Center, 338 N.J. Super. 1, 768 A.2d 177 (App. Div. 2001).

With respect to a plaintiff's "knowledge of fault," New Jersey courts carefully, explicitly differentiate a plaintiff's knowledge of the cause-in-fact for his injuries from his knowledge of a potential defendant's liability.  A cause of action only accrues when it becomes apparent to a plaintiff that another had "unreasonably caused [plaintiff's injury]." Savage v. Old Bridge-Sayreville Medical Group, 134 N.J. 241, 249; see also, Caravaggio v. D'Agostini, 166 N.J. 237, 246 (N.J. 2001)(extending the limitations window in cases where "a plaintiff may be aware of an injury but not aware that the injury is attributable to the fault of another"). The statutory clock does not start to run until the Plaintiff has discovered "facts suggesting the fault of another person." Tevis v. Tevis, 79 N.J. 422, 432 (N.J. 1979)(emphasis added). Lopez v. Swyer, 62 N.J. 267, 271 (N.J. 1973).

7

A "sub-category of 'knowledge of fault' cases are those in which a plaintiff knows she has been injured and knows the injury was the fault of another, but does not know that an additional party was also responsible for her plight." Caravaggio v. D'Agostini, 166 N.J. 237, 248 (N.J. 2001). In these "sub-category" cases, the relevant inquiry revolves specifically around when a plaintiff knew or should have known (1) that a third-party's conduct may have helped cause the plaintiff's injuries, and (2) that the third-party's conduct was possibly lacking in due care. Savage v. Old Bridge-Sayreville, 134 N.J. 241, 250. "When a plaintiff knows of an injury, and knows it is the fault of another, but is reasonably unaware that a third party may also be responsible, the accrual clock does not begin ticking against the third party until the plaintiff has evidence that reveals [the third party's] possible complicity." Caravaggio, 166 N.J. at 250.

Even were Plaintiffs' negligence claims governed by the two-year statute of limitations prescribed in N.J.S.A. 2A:14-2, which they are not, Plaintiffs still timely filed them. Plaintiffs may have been aware as early as February 2012 that An defrauded them. However, Plaintiffs did not learn that Defendant also acted tortiously until October 2012, when Plaintiffs received documents they had subpoenaed from Defendant, and learned, for the first time, that An had submitted forged, facially inaccurate documents to Defendant, Defendant entirely failed to vet those documents, and Defendant resultantly, negligently opened accounts for Plaintiffs, affording An unfettered access to them. Accordingly, it was not until October 2012, that Plaintiffs had any reason to suspect Defendant's conduct had helped cause their injuries, or constituted a lack of due care, as they had no "evidence of [defendant's] complicity." Caravaggio v. D'Agostini, 166 N.J. 237, 250 (N.J. 2001). Consequently, even were a two year statute of limitations applicable, the statute did not begin to run until October 2012. This action was filed in June 2014 prior to the expiration of the limitations period.

8

**E. The Complaint Alleges Specific Duties Defendant Owed Directly to Plaintiffs**

Defendant argues that the claim of negligence should be dismissed because it owes "no duty to non-customers." Defendant ignores the fact that Plaintiffs were Defendant's customers. The Complaint specifically pleads duties Defendant directly owed to Plaintiffs. The Complaint alleges duties owed by Defendant to Plaintiffs in connection opening, maintaining and failing to close the subject accounts. Defendant's Memorandum of Law ignores the specific allegations of the duties Defendant directly owed to Plaintiffs. The Complaint alleges Defendant owed specific duties to the directly to Plaintiffs. Defendant's breach of its duties running directly to Plaintiffs renders Defendant liable to Plaintiffs for damages. Lauer v. City of New York, 95 N.Y.2d 95, 100 (2000); Elmaliach v. Bank of China Ltd., 110 A.D.3d 192, 199-200 (1 Dept., 2013).

Plaintiffs were each customers of Defendant. It is pleaded and not disputed that Defendant opened accounts for Plaintiffs. Complaint paragraph 24 alleges Defendant opened business account 4260882464 in the name of plaintiff SCTA on June 24, 2011. Complaint paragraph 48 alleges Defendant opened business account 4260882456 in the name of plaintiff SSOA on June 24, 2011. When the accounts were opened Plaintiffs became Defendant's customers and Defendant owed specific duties to Plaintiffs. A bank owes a depositor of funds a duty of ordinary care. Defendant had the duty to safeguard Plaintiffs' property, investigate the authority of the person who attempts to exercise control over Plaintiffs' bank accounts.

The Complaint alleges the specific duties Defendant owed to Plaintiff SCTA, its customer. Complaint paragraph 107 pleads  Defendant owes a duty of care to SCTA, breached its duty to SCTA by allowing the account to be maintained and disregarded "its duty owed to SCTA" by acting in a commercially unreasonable manner, and by carelessly and negligently opening, maintaining and failing to close the subject deposit account.  Paragraph 110 of the

9

Complaint pleads Defendant's "duty" to confirm the validity of facially deficient documents presented to it and make further inquiry concerning An's authority on behalf of its customer SCTA.

Likewise, the Complaint alleges the specific duties Defendant owed to plaintiff SSOA, its customer. Complaint paragraph 114 pleads Defendant owes a duty of care to SSOA, breached its duty to SSOA by allowing the account to be maintained and disregarded "its duty owed to SSOA" by acting in a commercially unreasonable manner, and carelessly and negligently opening, maintaining and failing to close the subject account. Paragraph 117 of the Complaint pleads Defendant's "duty" to confirm the validity of facially deficient documents presented to it and make further inquiry concerning An's authority on behalf of its customer SSOA.

Defendant cites several cases for the general proposition that a bank does not owe a duty of care to a noncustomer. All of these cases are inapplicable because in the instant case in which Plaintiffs were Defendant's customers.

Defendant erroneously claims the facts in Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220 (3d Cir 2002) are "substantially similar" and its result should be "applied here" (Defendant's Memorandum of Law, pg. 7). Eisenberg was a victim of a fraudulent investment scheme perpetrated by Douglas Walter Reid who opened an account at Wachovia Bank entitled "Douglas Walter Reid dba Bear Stearns." Reid convinced Eisenberg to wire $1,000,000 into the account. The Third Circuit affirmed the dismissal of the complaint holding "Eisenberg was neither a Wachovia customer nor the person in whose name Reid's fraudulent bank account was

opened." Unlike Eisenberg, Plaintiffs were Defendant's customers and the entities in whose name the two bank accounts were opened.[1]

In Manhattan Medical Diagnostic and Rehabilitation. P.C. v. Wachovia National Bank, N.A., 2006 WL 3026294 (NY S. Ct. 2006), aff'd 49 A.D.2d 461 (1st Dept 2008), the New York Supreme Court and the Appellate Division, First Department recognized the legal sufficiency of a cause of action for negligence for opening a bank account based upon false or erroneous documents. Manhattan Medical, claiming an account was opened at Wachovia Bank without proper authorization, brought an action for negligence and conversion seeking damages for the amount of checks withdrawn from the account. Wachovia's moved for summary judgment asserting that it acted in a commercially reasonable manner because the documents it received were sufficient to establish that Paswall [the fraudster] had authority to open the account on behalf of Manhattan Medical. The Supreme Court agreed and granted Wachovia summary judgment dismissing the complaint. The trial court held "Plaintiff cannot prevail on its claim for negligence unless it can demonstrate Wachovia did not act reasonably in accepting the allegedly falsified or erroneous documents showing Paswall to be plaintiff's secretary." The Appellate Division, First Department affirmed the trial court stating "The record establishes that Wachovia acted in a commercially reasonable manner in opening the subject account." 49 A.D.3d 461 (1st Dept 2008).

The Complaint sets forth a claim for negligence based upon the particularized allegations that Defendant did not act reasonably in accepting and failing to vet the falsified documents in opening the account. The Complaint sets forth claims for negligence based upon the breach of

---

[1] Recognizing the duty Wachovia owed to the non-customer Bears Stearns in whose name the account was opened, the Eisenberg court stated that "Bear Stearns would be the beneficiary of any duty of care which Wachovia might owe to a noncustomer."

11

duty of standard of care[2] to its customer in the opening, maintaining and failing to close the subject account. The documents presented by An should have caused a reasonable banker to have inquired as to authenticity (Complaint ¶¶ 25-36, 47, 49-60, 71). The request by An to have the monthly bank statements sent to an address with no apparent connection to plaintiff should have raised a red-flag and caused Defendant to investigate. Facts sufficient to cause a reasonably prudent person to suspect that funds are being misappropriated should trigger a duty of inquiry on the part of a depositary bank. see, Newton v. Scott, 254 App. Div. 140 (4th Dept 1938); Board of Managers of Continental Towers Condominium v. Crestmont Management. Corp., 186 A.D.2d 49 (1st Dept 1992). A bank's failure to conduct a reasonable inquiry when the obligation to do so arises will result in the bank being charged with such knowledge as an inquiry would have disclosed. Home Savings of America, FSB v. Amoros, 233 A.D.2d 35, 39 (1 Dept.,1997).

Whether a bank has acted in a commercially reasonable manner in opening a bank an account is a factual issue determined by examining the documents and presented to the bank to open the account. See, Manhattan Medical Diagnostic & Rehabilitation, Inc. v. Wachovia National Bank, N.A., 13 Misc 3d 1228(a), 2006 WL 3026294 (N.Y. Ct., 2006), aff'd 49 A.D.3d 461 (1st Dept 2008); 29th Street Corp. v. New York Community Bank, 2 A.D. 3d 838 (2d Dept 2003).

Plaintiffs have pleaded particularized allegations setting forth their claims against Defendant for negligence, showing Defendant did not act reasonably in accepting the falsified and erroneous documents presented by An.  The Complaint specifically pleads Defendant's

---

[2]   In addition, Defendant's failure to comply with the federally mandated Customer Identification Program (CFR 103.121) and the Bank Secrecy is evidence of negligence. See, Teller v. Prospect Heights. Hospital, 280 N.Y. 456, 460 (1939); Long v. Forest-Fehlhaber, 55 N.Y.2d 154, 160 (1982)

.

12

duty of standard of care[2] to its customer in the opening, maintaining and failing to close the subject account. The documents presented by An should have caused a reasonable banker to have inquired as to authenticity (Complaint ¶¶ 25-36, 47, 49-60, 71). The request by An to have the monthly bank statements sent to an address with no apparent connection to plaintiff should have raised a red-flag and caused Defendant to investigate. Facts sufficient to cause a reasonably prudent person to suspect that funds are being misappropriated should trigger a duty of inquiry on the part of a depositary bank. see, Newton v. Scott, 254 App. Div. 140 (4th Dept 1938); Board of Managers of Continental Towers Condominium v. Crestmont Management. Corp., 186 A.D.2d 49 (1st Dept 1992). A bank's failure to conduct a reasonable inquiry when the obligation to do so arises will result in the bank being charged with such knowledge as an inquiry would have disclosed. Home Savings of America, FSB v. Amoros, 233 A.D.2d 35, 39 (1 Dept.,1997).

Whether a bank has acted in a commercially reasonable manner in opening a bank an account is a factual issue determined by examining the documents and presented to the bank to open the account. See, Manhattan Medical Diagnostic & Rehabilitation, P.C. v. Wachovia National Bank, N.A., 13 Misc 3d 1228(a), 2006 WL 3026294 (N.Y. Ct., 2006), aff'd 49 A.D.3d 461 (1st Dept 2008); 29th Street Corp. v. New York Community Bank, 2 A.D. 3d 838 (2d Dept 2003).

Plaintiffs have pleaded particularized allegations setting forth their claims against Defendant for negligence, showing Defendant did not act reasonably in accepting the falsified and erroneous documents presented by An.   The Complaint specifically pleads Defendant's

---

[2]   In addition, Defendant's failure to comply with the federally mandated Customer Identification Program (CFR 103.121) and the Bank Secrecy is evidence of negligence. See, Teller v. Prospect Heights. Hospital, 280 N.Y. 456, 460 (1939); Long v. Forest-Fehlhaber, 55 N.Y.2d 154, 160 (1982)

.

direct duty to Plaintiffs, its customers, to conduct a commercially reasonable inquiry of An's authority to open and maintain the subject accounts on behalf of Plaintiffs. Defendant's failure to conduct a proper inquiry upon opening the accounts, allowing An to control and maintain the accounts and not closing the accounts violate Defendant's duties directly owed to Plaintiffs and constitutes negligence.

### F. Claims for Conversion are Stated

Under New York law, conversion is any act of dominion wrongfully exerted over the personal property of another inconsistent with that person's rights in the property. Cumis Ins. Soc'y, Inc. v. Citibank, N.A., 921 F.Supp. 1100, 1110 (SDNY1996). Although the legal title to money on a general deposit is in the bank generally, the deposit account itself is the property of the depositor or of the person to whose order the deposit is subject  Lewine v. National City Bank of New York, 248 N.Y. 365 (1928), aff'd, 249 N.Y. 528 (1928).

A conversion action is stated where the subject of the action consists of money that is specifically identifiable and is subject to an obligation to be returned or to be otherwise treated in a particular manner, Salatino v Salatino, 64 A.D. 3d 923; Key Bank of New York v Grossi, 227 AD2d 841. A conversion action may be maintained when the subject consists of funds of a named bank account, Sperrazza v Kail, 267 A.D.2d 692; Lenczycki v Shearson Lehman Hutton, Inc., 238 A.D.2d 248; Republic of Haiti v Duvalier, 211 A.D2.d 379; Payne v White, 101 A.D.2d 975.

A claim for conversion also arises under UCC 3-419. New York Uniform Commercial Code § 3-419 provides, in part,: (1) An instrument is converted when (a) a drawee to whom it is delivered for acceptance refuses to return it on demand; or (b) any person to whom it is delivered

13

for payment refuses on demand either to payor to return it; or (c) it is paid on a forged indorsement."

NY UCC §3-419(1)(c) provides that an instrument is converted when it is paid on a forged endorsement.[3] An unauthorized endorsed is a "forged endorsement" under UCC §3-419(1)(c). Belmar Trucking Corp. v. American Trust Co., 65 Misc. 2d 31 (NYC Civil Ct., 1970), see also, Rosenthal v. Manufacturers Hanover Trust Co., 30 A.D.2d 650 (1st Dept 1968).

UCC §3-419(3) provides that if a depository bank or collecting bank has dealt with an instrument in good faith and in accordance with commercially reasonable standards, the depository or collecting bank is not liable in conversion or otherwise to the true owner beyond the amount of the proceeds remaining with the bank. Whether a bank has acted in a commercially reasonable manner in opening a bank account may be determined by examining the documents and presented to the bank to open the account. See, Manhattan Medical Diagnostic & Rehabilitation, P.C. v. Wachovia National Bank, N.A., 13 Misc 3d 1228(a), 2006 WL 3026294 (N.Y. Co. Sup. Ct., 2006); aff'd  49 A.D.3d 461 (1st Dept 2008); 29th Street Corp. v. New York Community Bank, 2 A.D. 3d 838 (2d Dept 2003). As stated above, the Complaint contains particularized allegations of Defendant's failure to act in a commercially reasonable manner regarding the two bank accounts. The Complaint sets forth cognizable claims for conversion.

### III. CONCLUSION

For all of the foregoing reasons the motion should be denied.

---

[3] New Jersey UCC § 3-420(a) which provides in part "The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment."

14

Dated: September 5, 2014
      New York, NY

                                  STEPHEN LATZMAN, P.C.

                                  _____

                                  Stephen Latzman (SL 6462)
                                  Attorney for Plaintiffs
                                  276 Fifth Avenue, Suite 402
                                  New York, New York 10001
                                  (212) 532-3368