UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCTA LIMITED LIABILITY COMPANY and
SSOA LIMITED LIABILITY COMPANY,

            Plaintiffs,

    v.

TD BANK, N.A.,

            Defendant.

CIVIL ACTION NO. 1:14-cv-05249 (GBD)

---

### REPLY SUPPORTING TD BANK, N.A.'S
### MOTION TO DISMISS PLAINTIFFS' COMPLAINT

 

**DUANE MORRIS LLP**

Kevin P. Potere (KP-7711)
1540 Broadway
New York, NY  10036-4086
Telephone: (212) 471-1876
*Attorneys for Defendant TD Bank, N.A.*

**Of Counsel:**
Alexander Bono, Esq.
Ryan E. Borneman, Esq.
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
215-979-1000

## TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ........................................................................................1

II.   ARGUMENT...................................................................................................................2

      A.   The Opposition Shows that Dismissal is Warranted Under Rule 12(b)(6) Because It Improperly Ignores This Court's Application of the *Twombly / Iqbal* Standard, which Concedes That Plaintiffs Have Not, and Cannot, Satisfy That Test ................................................................................................. 2

      B.   New Jersey Law Applies. ...................................................................................... 3

      C.   The Opposition Shows That The Complaint Fails to State Negligence Claims and That Dismissal Is Warranted Because the Opposition Offers No Authority that "TD Bank owes a duty of care to the general public". ............... 4

      D.   The Opposition Shows That The Complaint Fails to State Plausible Conversion Claims And That Dismissal Is Warranted Because Fungible Money That Is Not Specifically Identifiable Cannot be Converted by a Bank. ..................................................................................................................... 7

III.   CONCLUSION................................................................................................................8

**TABLE OF AUTHORITIES**

**Federal Cases**

*Abeer Tutanji v. Bank of Am.*, 2012 U.S. Dist. LEXIS 75271
    (D.N.J. May 31, 2012) ................................................................................................6

*Ashcroft v. Iqbal*, 173 L. Ed. 2d 868 (U.S. 2009) ................................................................2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (U.S. 2007) .......................................................2

*Cargill Global Trading v. Applied Dev. Co.*, 706 F. Supp. 2d 563
    (D.N.J. 2010) ..............................................................................................................7

*Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir.. 2013) .................................................6

*Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157 (S.D.N.Y. 2012) ......................................1, 6

*Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220 (4th Cir. 2002) .....................................5

*Fundacion Museo de Arte Contemporaneo de Caracas v. CBI-TDB Union Bancaire
    Privee*, 160 F.3d 146 (2d Cir. 1998) ..........................................................................7

*Geler v. Nat'l Westminster Bank USA*, 770 F. Supp. 210 (S.D.N.Y. 1991) .................. 7-8

*Miller v. Wells Fargo Bank International Corp.,* 540 F.2d 548
    (2d Cir. 1976) .............................................................................................................7

*Monarch Ins. Co. v. Insurance Corp. of Ireland, Ltd.*, 835 F.2d 32
    (2d Cir. 1987) .............................................................................................................3

*Murphy v. Acme Markets, Inc.*, 650 F. Supp. 51 (E.D.N.Y. 1986) ................................ 3-4

*Prudential Inv. Mgmt. Servs. LLC v. Forde*, 2013 U.S. Dist. LEXIS 89190
    (S.D.N.Y. June 24, 2013) ...........................................................................................6

*Ranno v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 65463
    (S.D.N.Y. May 14, 2010) ...........................................................................................2

*Techreserves Inc. v. Delta Controls, Inc.*, 2014 U.S. Dist. LEXIS 47080
    (S.D.N.Y. Mar. 31, 2014) (Daniels, J.) ......................................................................2

*Tevdorachvili v. Chase Manhattan* Bank, 103 F. Supp. 2d 632, 643
    (E.D.N.Y. 2000) .........................................................................................................7

*Wetzel v. Town Boward of Orangetown*, 2010 U.S. Dist. LEXIS 36495
    (S.D.N.Y. Apr. 12, 2010) ...........................................................................................2

**State Cases**

29th Street Corp. v. New York Community Bank, 2. A.D. 3d 838
 (N.Y. App. Div. 2d Dep't 2003) ................................................................................................5

*Advanced Enterprises Recycling, Inc. v. Bercaw*, 376 N.J. Super. 153
 (N.J. Super. App. Div. 2005) ...................................................................................................7

*Board of Managers of Continental Towers Condominium v. Crestmont Management
 Corp.*, 186 A.D.2d 49 (N.Y. App. Div. 1st Dep't 1992) ............................................................6

*Bondi v. Citigroup, Inc.*, 32 A.3d 1158...........................................................................................7

*Elmaliach v. Bank of China Ltd*, 110 A.D.3d 192 (N.Y. App. Div. 1st Dep't 2013) ......................6

*Home Savings of America, FSV v. Amoros*, 233 A.D.2d 35 ..........................................................6

*Lenczycki v. Shearson Lehman Hutton, Inc.*, 238 A.D.2d 248
 (N.Y. App. Div. 1st Dep't 1997) ..............................................................................................8

*Manhattan Medical Diagnostic & Rehabilitation, P.C. v. Wachovia National Bank, N.A.*
 831 N.Y.S.2d 354 (NY S. Ct. 2006), aff'd 49 A.D.3d 461.......................................................5

*Newton v. Scott*, 254 App. Div. 140 (N.Y. App. Div. 4th Dep't. 1938) ..........................................6

*Payne v. White*, 101 A.D.2d 975 (N.Y. App. Div. 3d Dep't 1984) .................................................8

*Republic of Haiti v. Duvalier*, 211 A.D.2d 379 (N.Y. App. Div. 1st Dep't 1995) ..........................8

*Schultz v. Boy Scouts of Am.*, 65 N.Y.2d 189 (N.Y. 1985) .............................................................3

*Sperrazza v. Kail*, 267 A.D.2d 692 (N.Y. App. Div. 3d Dep't 1999) .............................................8

**Federal Statutes and Rules of Court**

Fed. R. Civ. P. 12(b)(6)....................................................................................................................1

**Other Authorities**

http://www.occ.gov/topics/licensing/national-bank-lists/national-by-name-pdf.pdf. ....................4

http://www.usbanklocations.com/td-bank-new-jersey.htm. ............................................................3

Restatement (Second) of Torts § 222A(1) (1965) ...........................................................................7

I.      PRELIMINARY STATEMENT

Defendant TD Bank, N.A. ("**TD Bank**") submits this Reply supporting its Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6).

The opposition filed by Plaintiffs, SCTA Limited Liability Company ("**SCTA**") and SSOA Limited Liability Company ("**SSOA**") (collectively "**Plaintiffs**") (ECF No. 12) underscores why the Complaint fails to state cognizable claims against TD Bank and that there are three reasons why the Complaint should be dismissed.

1.      The Opposition shows that dismissal is warranted under Rule 12(b)(6) because it ignores this Court's application of the *Twombly / Iqbal* standard, which concedes that it has not, and cannot, satisfy it.

2.      The Opposition shows that the Complaint fails to state negligence claims (First Cause of Action: SCTA and Second Cause of Action: SSOA) and that dismissal is warranted as a matter of law under Rule 12(b)(6) because the Opposition offers no authority – because none exits – that "TD Bank owes a duty of care to the general public" (Complaint, ¶¶ 8, 107, 114). Instead, the Opposition contradicts the plain language of the Complaint (See also, Complaint ¶¶ 1, 7, 51) by arguing improperly that SCTA and SSOA are owed duties as "customers".

3.      The Opposition shows that the Complaint fails to state conversion claims (Third Cause of Action: SCTA and Fourth Cause of Action: SSOA) and that dismissal is warranted as a matter of law under Rule 12(b)(6) because there is no cognizable claim for conversion of fungible money that is not specifically identifiable by a bank.

## II. ARGUMENT

**A. The Opposition Shows that Dismissal is Warranted Under Rule 12(b)(6) Because It Improperly Ignores This Court's Application of the *Twombly / Iqbal* Standard, which Concedes That Plaintiffs Have Not, and Cannot, Satisfy That Test**

The Opposition relies exclusively on stale, pre *Twombly* and *Iqbal*, case law to argue incorrectly that the standard to dismiss is "whether the claimant is entitled to offer evidence to support the claims." Br. at 2. But, the Supreme Court and this Court clearly hold that a Complaint must allege facts that show the claim is plausible.

As shown in TD Bank's Motion and as this Court has correctly held, to survive a motion to dismiss, a federal court complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is ***plausible on its face***." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007)[1]; *see also*, *Wetzel v. Town Boward of Orangetown*, 2010 U.S. Dist. LEXIS 36495, at *3 (S.D.N.Y. Apr. 12, 2010), *Ranno v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 65463, at *8 (S.D.N.Y. May 14, 2010) (granting motion to dismiss because Plaintiff failed to state a claim for relief). In *Iqbal*, the Supreme Court confirmed that the *Twombly* pleading standard apply in "all civil actions." *Ashcroft v. Iqbal*, 173 L. Ed. 2d 868, 887-888 (U.S. 2009); *see also Techreserves Inc. v. Delta Controls, Inc.*, 2014 U.S. Dist. LEXIS 47080 (S.D.N.Y. Mar. 31, 2014) (holding *Iqbal* requires "two-pronged approach" of dismissing conclusions and determining whether remaining factual allegations are plausible) (Daniels, J.).

As shown below, the Complaint fails the *Twombly / Iqbal* test of plausibility in several material respects. Thus, the Complaint must be dismissed.

---

[1]   Emphasis added throughout unless otherwise noted.

### B. New Jersey Law Applies.

A district court siting in New York must apply New York choice of law rules. *Monarch Ins. Co. v. Insurance Corp. of Ireland, Ltd.*, 835 F.2d 32, 35 (2d Cir. 1987). If a conflict exists,[2] then, under New York law, "the law of the jurisdiction having the ***greatest interest*** in the litigation will be applied…" *Schultz v. Boy Scouts of Am.*, 65 N.Y.2d 189, 197 (N.Y. 1985). If the parties do not share the same citizenship, then the law of the alleged tort applies unless no party is a citizen of that state. *Murphy v. Acme Markets, Inc.*, 650 F. Supp. 51, 54 (E.D.N.Y. 1986) (applying New York law, the citizenship of plaintiffs, instead of New Jersey law where the injury took place because no party was a citizen of New Jersey and New York had a greater interest in protecting its citizens).

The Opposition's superficial conflict of law analysis argues incorrectly that New York has the greatest interest in this action merely because TD Bank has 230 full service offices in New York. Br. at 4. But, TD Bank also has 274 full service offices in New Jersey and operates hundreds more throughout the United States. http://www.usbanklocations.com/td-bank-new-jersey.htm. TD Bank also maintains its principal place of business in Cherry Hill, New Jersey. Moreover, counting the number of branches by state does not resolve any state's interest in this particular action and certainly does not answer the questions of the parties' citizenship or where the alleged tort occurred.

Here, no party is alleged to be a citizen of New York. To the contrary, Plaintiffs are New Jersey limited liability companies. Complaint at ¶¶ 2, 4. TD Bank is a national banking association that lists Wilmington Delaware in its charter.

---

[2] For purposes of this motion to dismiss, there is no substantive difference of New Jersey and New York law. However, conflicts do exist between New York and New Jersey law regarding negligence. *Murphy v. Acme Markets, Inc.*, 650 F. Supp. 51, 52 (E.D.N.Y. 1986) (noting difference in comparative negligence law).

http://www.occ.gov/topics/licensing/national-bank-lists/national-by-name-pdf.pdf.  Because of the split citizenship, the location of the injury should apply unless no party is located there. *Murphy v. Acme Markets, Inc.*, 650 F. Supp. 51, 54 (E.D.N.Y. 1986).  The Complaint provides no allegations regarding where the alleged conduct took place, but no party is a citizen of New York.  Accordingly, New Jersey, where Plaintiffs reside, has the greatest interest in protecting its citizens and New Jersey law applies.

      **C.     The Opposition Shows That The Complaint Fails to State Negligence Claims and That Dismissal Is Warranted Because the Opposition Offers No Authority that "TD Bank owes a duty of care to the general public".**

The Opposition offers no authority – because none exits – for its thrice repeated, conclusory allegations that "TD Bank owes a duty of care to the general public" (Complaint, ¶¶ 8, 107, 114).  Instead, the Opposition now contradicts the plain language of the Complaint (See also, Complaint ¶¶ 1, 7, 51) by arguing improperly that SCTA and SSOA are owed duties as "customers".

The Complaint alleges that, at the time of the alleged negligence, Plaintiffs were not customers at TD Bank.  Complaint at ¶ 7.  It alleges that "***SSOA and SCTA were unknown to TD Bank*** prior to An's unauthorized account openings of June 24, 2011." *Id*.  Instead, non-party, Gahee An, allegedly used Plaintiffs' name to open unauthorized accounts. *Id*. at ¶ 1.  Indeed, Plaintiffs were unaware of the deposit accounts in their name until February 2012, over seven months after they were opened.  *See* Potere Decl. Exh. B at ¶ 51.  By that time, according to the Complaint, An's theft had concluded and the deposit accounts in question were closed.  Complaint at ¶¶ 72, 79, and 91.

Given these clear allegations, the Opposition desperately resorts to arguing that Plaintiffs' negligence claims are different from the overwhelming authority that a bank owes no duty to the

- 4 -

general public by making up new facts that were never alleged: "Plaintiffs were Defendant's customers." Br. at 9.

In their Complaint, Plaintiffs assert the same allegations as the plaintiffs in *Eisenberg*. In *Eisenberg*, the plaintiffs alleged that Wachovia "did not verify that Reid was authorized to operate under the name Bear Stearns" and "Reid possessed no such authority and was not in any way affiliated with Bear Stearns." *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 222 (4th Cir. 2002). After the plaintiffs wired money to the unauthorized account, "Reid withdrew almost all of Eisenberg's funds and converted them to his own use." *Id*. After considering numerous other court opinions, *Eisenberg* held that "a bank does not owe noncustomers a duty of care" and dismissed plaintiff's claim for negligence against Wachovia. *Id*. at 227. Plaintiffs cannot escape this conclusion by now claiming that they were customers of TD Bank.

The Opposition cites no authority holding that Plaintiffs, as noncustomers, may assert a negligence claim against a bank. And, it incorrectly argues that *Manhattan Medical Diagnostic Rehabilitation, P.C.* "recognized the legal sufficiency of a cause of action for negligence" against a bank. Br. at 11. *Manhattan Medical* never addressed the legal sufficiency of plaintiff's negligence claims as a matter of law. Rather, that case was decided on Wachovia's motion for summary judgment and, based on the facts presented, *Manhattan Medical* granted summary judgment in favor of Wachovia and dismissed the complaint. *Manhattan Medical Diagnostic & Rehabilitation, P.C. v. Wachovia National Bank*, N.A. 831 N.Y.S.2d 354 (NY S. Ct. 2006), aff'd 49 A.D.3d 461. There is absolutely no ruling on the issue now before this Court regarding whether a bank owes a duty to a noncustomer.[3]

---

[3] *See also* 29th Street Corp. v. New York Community Bank, 2. A.D. 3d 838 (N.Y. App. Div. 2d Dep't 2003) (granting summary judgment to bank without considering legal sufficiency of claim).

The Opposition's' other cited authorities are equally inapposite. *Elmaliach* involved negligence claims under Israeli law and the "unique factual allegations" that the defendant bank was specifically told by the government of Israel that its bank was being used to fund terrorists. *Elmaliach v. Bank of China Ltd*, 110 A.D.3d 192 (N.Y. App. Div. 1st Dep't 2013). Each of the remaining authorities cited by the Opposition address factual allegations regarding the improper withdraw of funds[4] – not the opening of an account.

Further, the Opposition completely ignores the holding in *Cruz* that Plaintiffs cannot manufacture a duty against banks from a statute, like the Bank Secrecy Act, that does not create a private right of action against banks. "***Where a statute does not imply a private right of action for money damages, the plaintiff may not restate the identical claim under a negligence theory***." *Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157, 178 (S.D.N.Y. 2012) (dismissing plaintiff's negligence claim where duty was based on statute that provided no private right of action) (dismissal of negligence claim affirmed at 742 F.3d 520, 523 (2d Cir. 2013)).

Finally, if Plaintiffs were customers of TD Bank as the Opposition now argues, then those relationships – like all bank customer relationships – would be governed by the parties' deposit account agreement, which would preclude Plaintiffs' negligence claims under the economic loss doctrine. The economic loss doctrine bars tort claims where a contract exits that addresses the parties' relationship. *Abeer Tutanji v. Bank of Am.*, 2012 U.S. Dist. LEXIS 75271 (D.N.J. May 31, 2012); *Prudential Inv. Mgmt. Servs. LLC v. Forde*, 2013 U.S. Dist. LEXIS 89190 (S.D.N.Y. June 24, 2013).

---

[4] *Newton v. Scott*, 254 App. Div. 140 (N.Y. App. Div. 4th Dep't. 1938) (addressing the improper withdrawal of trust funds); *Board of Managers of Continental Towers Condominium v. Crestmont Management Corp.*, 186 A.D.2d 49 (N.Y. App. Div. 1st Dep't 1992) (addressing embezzlement of funds); *Home Savings of America, FSV v. Amoros*, 233 A.D.2d 35 (addressing the improper withdrawal of trust funds).

Accordingly, Plaintiffs' first and second causes of action for negligence should be dismissed because TD Bank owed no duty to Plaintiffs.

**D. The Opposition Shows That The Complaint Fails to State Plausible Conversion Claims And That Dismissal Is Warranted Because Fungible Money That Is Not Specifically Identifiable Cannot be Converted by a Bank.**

The Opposition cites no authority that a bank is liable for conversion of fungible money. Rather, the Opposition ignores that it is well-settled law in both New Jersey and New York that funds in a checking account cannot be "converted" *by the bank* in which the money is deposited because the funds are not identifiable property. *Bondi v. Citigroup, Inc.*, 32 A.3d 1158, 1190 (N.J. Super. Ct. App. Div. 2011); *Restatement (Second) of Torts* § 222A(1) (1965); *Cargill Global Trading v. Applied Dev. Co.*, 706 F. Supp. 2d 563, 578 (D.N.J. 2010) (applying New Jersey law). Where money is involved, an action for conversion will lie only where there is an obligation to return "the identical money." *Advanced Enterprises Recycling, Inc. v. Bercaw*, 376 N.J. Super. 153, 161 (N.J. Super. App. Div. 2005) ("An action for conversion will not lie in the context of a mere debt or chose in action, however. ***Where there is no obligation to return the identical money, but only a relationship of a debtor and creditor, an action for conversion of the funds representing the indebtedness will not lie against the debtor***.") (citing 18 Am. Jur. 2d Conversion § 8 (2004)); *Geler v. Nat'l Westminster Bank USA*, 770 F. Supp. 210 (S.D.N.Y. 1991) (denying plaintiff's motion for leave to amend complaint because certificate of deposit at issue was not specific and identifiable enough to allege conversion); *Tevdorachvili v. Chase Manhattan* Bank, 103 F. Supp. 2d 632, 643 (E.D.N.Y. 2000). An ordinary banking relationship creates a debt owed to the customer by the bank, but no identifiable property that could be converted. *Miller v. Wells Fargo Bank International Corp.,* 540 F.2d 548, 560 (2d Cir. 1976). "[F]unds deposited in a bank account are not sufficiently specific and identifiable, in relation to the bank's other funds, to support a claim for conversion against the bank." *Fundacion Museo de*

- 7 -

*Arte Contemporaneo de Caracas v. CBI-TDB Union Bancaire Privee*, 160 F.3d 146, 148 (2d Cir. 1998) (quoting *Chemical Bank v. Ettinger*, 196 A.D.2d 711, 714, 602 N.Y.S.2d 332 (1st Dep't 1993))*; Geler v. Nat'l Westminster Bank USA*, 770 F. Supp. 210, 215 (S.D.N.Y. 1991) (same).

Because there is no supporting authority for its argument, the Opposition relies on cases[5] involving conversion claims where plaintiffs sued non-bank defendants over the proper ownership of the money held in a bank account. By contrast, the Complaint never alleges that TD Bank has asserted an ownership interest in the funds held in deposit accounts.

Moreover, the Opposition's citation to the New York Uniform Commercial Code ("***NY UCC***") is also misplaced for two reasons. First, the Complaint assert no claim under the NY UCC and makes no allegations about the NY UCC. Second, the NY UCC applies to transactions involving negotiable instruments, not to the opening of an account as alleged here. N.Y. UCC. LAW § 3-419.

Accordingly, Plaintiffs' third and fourth causes of action for conversion should be dismissed.[6]

### III.   CONCLUSION

Plaintiffs fail to state cognizable claims against TD Bank and the Complaint should be dismissed for three reasons:

---

[5]   *Sperrazza v. Kail*, 267 A.D.2d 692, 693 (N.Y. App. Div. 3d Dep't 1999) (involving claims defendant improperly removed funds from a joint checking account); *Lenczycki v. Shearson Lehman Hutton, Inc.*, 238 A.D.2d 248 (N.Y. App. Div. 1st Dep't 1997) (same); *Payne v. White*, 101 A.D.2d 975, 976 (N.Y. App. Div. 3d Dep't 1984) (same); *Republic of Haiti v. Duvalier*, 211 A.D.2d 379, 381 (N.Y. App. Div. 1st Dep't 1995) (seeking to recover government funds embezzled by former dictator of Haiti).

[6]   The Opposition argues that the "discovery doctrine" postpones the accrual of a cause of action and, thus, tolls the statute of limitations. Whether the Complaint adequately alleges sufficient facts on this fact sensitive question is open to debate and appears to require discovery. But, this Court need not address this issue given that dismissal is warranted for the reasons shown above.

1.      The Opposition shows that dismissal is warranted under Rule 12(b)(6) because it ignores this Court's application of the *Twombly / Iqbal* standard, which concedes that it has not, and cannot, satisfy it.

2.      The Opposition shows that the Complaint fails to state negligence claims (First Cause of Action: SCTA and Second Cause of Action: SSOA) and that dismissal is warranted as a matter of law under Rule 12(b)(6) because the Opposition offers no authority – because none exits – that "TD Bank owes a duty of care to the general public" (Complaint, ¶¶ 8, 107, 114). Instead, the Opposition contradicts the plain language of the Complaint (See also, Complaint ¶¶ 1, 7, 51) by arguing improperly that SCTA and SSOA are owed duties as "customers".

3.      The Opposition shows that the Complaint fails to state conversion claims (Third Cause of Action: SCTA and Fourth Cause of Action: SSOA) and that dismissal is warranted as a matter of law under Rule 12(b)(6) because there is no cognizable claim for conversion of fungible money that is not specifically identifiable by a bank.


Dated: September 19, 2014
        New York, New York

                                        **DUANE MORRIS LLP**

                                        By:  /s/ Kevin P. Potere
                                             Kevin P. Potere (KP-7711)
                                             1540 Broadway
                                             New York, NY  10036-4086
                                             Telephone: (212) 471-1876
                                             *Attorneys for Defendant TD Bank, N.A.*

**Of Counsel:**
Alexander Bono, Esq.
Ryan E. Borneman, Esq.
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
215-979-1000

**CERTIFICATE OF SERVICE**

I, Kevin P. Potere, Esquire, hereby certify that on September 19, 2014 I caused a true copy of the Reply Supporting TD Bank's Motion to Dismiss to be served upon the following via federal express:

>Stephen Latzman, Esq.
>Stephen Latzman, P.C.
>276 Fifth Avenue, Suite 402
>New York, New York 10001
>
>*Attorney for Plaintiffs*

>**DUANE MORRIS LLP**
>
>By:  /s/ Kevin P. Potere
>     Kevin P. Potere (KP-7711)
>     1540 Broadway
>     New York, NY  10036-4086
>     Telephone: (212) 471-1876
>     *Attorneys for Defendant TD Bank, N.A.*